**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARCOVOUS WILLIAMS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:09CV00111   SWW |
| ARKANSAS DEPARTMENT OF | * | |
| CORRECTION, ET AL. | * | |
| | * | |
| Defendants | | |

**<u>ORDER</u>**

Marcovous Williams ("Williams") commenced this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and 42 U.S.C. § 1981 against her former employer, the Arkansas Department of Correction, ("ADC"). Williams also names several ADC employees as defendants.   Before the Court are Williams' motions for leave to file an amended complaint, for continuance of the trial date, and for appointment of counsel (docket entry #16).   The time for filing a response has passed, and Defendants have not responded.   After careful consideration, and for reasons that follow, the motion to file an amended complaint will be denied, the motion for a continuance of the trial date will be granted, and the motion for appointment of counsel will be denied.   Additionally, the parties are directed to file briefs as ordered below.

In her complaint, Williams alleges that she worked for the ADC from July 16, 2009 until March 28, 2008.  Williams alleges that during her employment with the ADC she was

1

"mistreated in the terms and condition of hire."  Compl., ¶ 9.  According to Williams, she

endured race and sex discrimination, retaliation, and unfair treatment from the defendants.

However, the only information Williams provides in her complaint regarding her alleged

mistreatment is that she did not receive a promotion, but other employees, "especially white

employees received timely promotions and benefits." Compl., ¶ 11.

The time for filing dispositive motions has passed, and despite the lack of factual

allegations in the complaint, no dispositive motions have been filed.  The Court finds that it

would be inefficient and a waste of judicial resources to proceed with the bench trial currently

scheduled for April 12, 2010 before it is determined whether Williams states a claim upon which

relief can be granted.  Accordingly, the trial date will be continued, and the parties are directed,

as specified below, to file briefs on the issue of whether Williams states a cognizable claim for

relief.

In addition to her request for a continuance of the trial date, Williams seeks leave to file

an amended complaint, and she asks the Court to appoint counsel to represent her.  In support of

her motion to amend, Williams states that the ADC denied her unemployment benefits and that

she was denied a fair hearing under the Social Security Act and the Rules of the Arkansas Board

of Review.  Because Williams' new allegations are unrelated to her general allegations of race

and sex discrimination, her untimely[1] motion to amend will be denied.  *See Wishon v. Gammon*,

978 F.2d 446, 448 (8th Cir.1992) (holding that district court did not abuse its discretion in

denying plaintiff's  motion to amend his complaint when he sought to add a claim unrelated to

---

[1]The deadline for filing motions to amend pleadings expired on August 14, 2009. *See*
Final Scheduling Order; ¶ 2(a).

those previously raised and he could raise that claim in a different lawsuit).

Williams also seeks appointment of counsel.  Title VII provides, in pertinent part, that a court may appoint counsel to represent a plaintiff under "such circumstance as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Because a civil litigant has no constitutional or statutory right to court-appointed counsel , the decision whether to make an appointment is within the Court's discretion.  *See Sours v. Norris*, 782 F.2d 106, 107 (8th Cir.1986).   In this case, it is unclear whether Williams has a viable claim for relief, and the Court cannot say at this time that Williams or the Court would benefit from the appointment of counsel.   Accordingly, the motion for appointment of counsel will be denied.

Williams is reminded of her responsibility to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court,[2] including Local Rule 5.5(c)(2), which provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (docket entry #16) is

---

[2]The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas. Additionally, the Local Rules and the Federal Rules of Civil Procedure are available on the Court's website:  www.are.uscourts.gov .   To access the Federal Rules of Civil Procedure via the Court's website, go to "Links," find the heading "Federal Links" and click on "Federal Rules of Civil Procedure" below the heading.  A direct link to  "Local Rules" is provided on the home page of the Court's website.

DENIED; Plaintiff's motion for a continuance (docket entry #16) is GRANTED; and Plaintiff's motion for appointment of counsel (docket entry #16) is DENIED.

IT IS FURTHER ORDERED that Defendant is directed to file a brief within 15 days from the entry date of this order on the issue of whether the complaint states a claim upon which relief can be granted.  Plaintiff will have up to and including 15 days from the date that Defendants' brief is filed in which to file a response.

IT IS FURTHER ORDERED that the bench trial, currently set for April 12, 2010, is CONTINUED.  A new trial date will be set by separate order if necessary.

IT IS SO ORDERED THIS 1ST DAY OF APRIL, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE